HALL, Chief Judge.
The primary issue presented by the DHHR’s writ application and appeal in this adoption proceeding is whether the Second Judicial District Court for Jackson Parish, sitting as a juvenile court, lacked jurisdiction or authority to grant temporary custody of the two minor children to petitioner, their grandfather, prior to the entry of an interlocutory decree of adoption. The children had previously been placed in the custody of DHHR by a judgment or judgments of the Tenth Judicial District Court for Natchitoches Parish, sitting as a juvenile court, which declared the children in need of care and terminated the parental rights of the children’s father, the children’s mother having previously surrendered her parental rights to the DHHR.
We conclude that the Second Judicial District Court, sitting as a juvenile court, has jurisdiction and venue over this adoption proceeding but that the award of temporary custody to the petitioner should be reversed and set aside pending determination of whether an interlocutory decree should be granted.
For ease of discussion the lower courts will be referred to as district courts although in all pertinent instances the district courts were sitting as juvenile courts.
On January 16, 1987 the paternal grandfather of the two minor children filed a petition in the Second Judicial District Court for Jackson Parish seeking to adopt the two children, to enjoin the DHHR from placing the children for adoption, and seeking temporary custody of the children. By ex parte order the court granted petitioner temporary custody and control of the children and ordered DHHR to show cause on a date less than thirty days after the filing of the petition why (1) it should not be restrained from proceeding with adoption proceedings; (2) it should not discontinue detention of the children; (3) petitioner should not be allowed to adopt the children; and (4) petitioner should not have temporary custody of the children. The DHHR filed a declinatory exception of lack of jur *1012 isdiction over the person and subject matter. The attorney appointed to represent the absentee mother of the children filed exceptions of no cause of action, improper venue, unauthorized use of summary proceedings, and prematurity, and also filed an answer. The father of the children who was also served filed no pleadings but did appear at the hearing on the rule to show cause.
From exhibits in the record, the arguments of counsel, and the testimony of petitioner at the hearing on the rule, it appears that in June, 1984 by order of the Tenth Judicial District Court for Natchi-toches Parish, the children were placed in the custody of DHHR. A copy of this judgment is not in the record but was referred to by the parties. It also appears that the mother of the children surrendered custody and parental rights by an act of surrender dated September 4, 1985. Although referred to by the parties, the act of surrender is not in the record. A copy of a judgment of the Tenth Judicial District Court signed February 14, 1986 reflects that the children were found in need of care and that the parental rights of the children’s father were terminated and that the children were declared available for adoption. It also appears from argument of counsel and the testimony of petitioner that the children presently reside in a foster home in Lake Charles having been placed there by DHHR.
After the hearing, the Second Judicial District Court rendered judgment (1) overruling all exceptions; (2) ordering DHHR to produce the children on February 10, 1987 at petitioner’s residence; (3) granting petitioner temporary care, custody, and control of the children; (4) ordering DHHR to make an investigation and report relative to the adoption; and (5) ordering a hearing on the adoption immediately on receipt of the report.
From this judgment the DHHR perfected an appeal and also filed an application for writs with a request for a stay order. We granted the writ and stay order and the appeal has now been lodged with this court. The appeal was expedited in order that a prompt decision might be rendered.
The Second Judicial District Court of Jackson Parish, sitting as a juvenile court, has jurisdiction and venue over this adoption proceeding brought in the parish of the domicile of the petitioner. LSA-C. J.P. Art. 17; LSA-R.S. 9:423. The prior judgments of the Tenth Judicial District Court, sitting as a juvenile court, do not preclude jurisdiction and venue over a subsequent adoption proceeding in another juvenile court. Although the Tenth Judicial District Court has continuing jurisdiction and supervision over the children, the judgment of that court and the applicable statutes contemplate the future adoption of the children. See LSA-R.S. 13:1605 and 1606; LSA-C.J.P. Arts. 85, 87, 89-94. There is no requirement that an adoption proceeding following a termination of parental rights judgment shall be brought in the court rendering the judgment, although that court is one of the available venues. A court which has previously handled a termination of parental rights was added as an optional available venue by Act 426 of 1983 but without any indication of exclusiveness.
DHHR argues that even if the Second Judicial District Court has jurisdiction of the adoption proceeding it does not have jurisdiction to change or modify the custody judgment of the Tenth Judicial District Court which has continuing exclusive jurisdiction over the custody of the children. DHHR also argues that the hearing on the rule to change custody was held prior to the minimum thirty days provided in LSA-R.S. 9:428 for a hearing on a petition of adoption and prior to a hearing on the granting of an interlocutory decree, and was therefore premature.
Whether the court’s action be regarded as premature, or as in conflict with the continuing jurisdiction of the court which previously awarded custody of the children to DHHR, or as an abuse of discretion based on insufficient evidence to determine the best interest of the children, the judgment awarding temporary custody of the children to petitioner at this stage of the *1013 adoption proceedings should be and will be set aside. No order of custody should be rendered by the Second District Court until a decision is rendered on the interlocutory decree.
The adoption proceedings should be conducted in accordance with LSA-R.S. 9:424 et seq. The department should investigate the proposed adoption and submit a confidential report of its findings to the judge in accordance with LSA-R.S. 9:427. The court should set a time and place for a hearing of the petition in accordance with LSA-R.S. 9:428. The hearing should be conducted in accordance with LSA-R.S. 9:437, with evidence presented by the petitioner, DHHR, and any other parties in interest relative to the availability of the children for adoption and whether the proposed adoption by petitioner is in the best interest of. the children. We note that at the present stage of the instant proceedings the record does not contain adequate evidence of the prior proceedings in the Tenth Judicial District Court or of the act of surrender supposedly executed by the children’s mother, all bearing on the children’s availability for adoption. We also note that except for the testimony of the petitioner, and some comments by the attorneys, there is very little evidence in the record concerning the children, their present residence and situation, prospects of adoption by others, or other facts pertinent to a determination of whether this proposed adoption would be in the best interest of the children.
After examining the confidential report and considering all of the evidence presented at the hearing the court should determine the availability of the children for adoption and grant or deny an interlocutory decree as provided in LSA-R.S. 9:429 according to the best interest of the children. If an interlocutory decree is granted in favor of petitioner, temporary custody of the children is necessarily implied in such a decree and should be granted to petitioner at that time. We recognize that ordinarily the petitioner in an adoption proceeding has custody of the children which makes it more practical for the DHHR to make its investigation and report and for the trial court to determine whether the adoption is in the best interest of the children by observation of how the children fare in the petitioner’s home. However, the interlocutory decree and temporary custody at that time, if granted, will provide the opportunity for such observation by the court and the department prior to the rendering of a final decree in accordance with LSA-R.S. 9:432. If the interlocutory decree is granted, thereafter custody and further proceedings will be governed by LSA-R.S. 9:430-432. If the interlocutory decree is denied, custody should continue with DHHR subject to the orders and supervision of the Tenth Judicial District Court.
We perceive the trial court’s judgment as contemplating the procedure set forth above and, except for the award of temporary custody to petitioner, which is hereby reversed and set aside, the judgment of the trial court is affirmed. The case is remanded to the Second Judicial District Court for further proceedings in accordance with the law and the views expressed in this opinion. Costs of the writ and appeal are assessed to the petitioner.
REVERSED IN PART, AFFIRMED IN PART, AND REMANDED.